UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSES NWAIGWE,<br><br>                              Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO<br>CHILD SUPPORT SERVICES,<br><br>                              Defendant. | Case No.: 3:20-cv-01356-WQH-RBB<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is Plaintiff's Motion for Leave to Proceed in Forma Pauperis. (ECF No. 2).

**I.     PROCEDURAL BACKGROUND**

On July 16, 2020, Plaintiff Moses Nwaigwe filed a Motion for Leave to Proceed in Forma Pauperis ("Motion for Leave to Proceed IFP"). (ECF No. 2).

On July 17, 2020 Plaintiff filed a Complaint against Defendant County of San Diego Child Support Services. (ECF No. 1). Plaintiff moves to set aside a judgment and rescind his signature on a child support agreement pursuant to Federal Rule of Civil Procedure 60(b) on the ground that his signature was induced by fraud and duress.

## II.   MOTION FOR LEAVE TO PROCEED IFP (ECF NO. 2)

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $400.00. *See* 28 U.S.C. § 1914(a); CivLR 4.5. An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

Plaintiff states in his affidavit that he is "unable to pay the costs of these proceedings . . . ." (ECF No. 2 at 1). Plaintiff states in his application to proceed in forma pauperis that, during the past 12 months, he earned an average of $4,400.00 per month from his employer. *See id.* at 1-2. Plaintiff states that he has $5.00 in a Wells Fargo checking account. *See id.* at 2. Plaintiff states that his total monthly expenses are $3,897.00. *See id.* at 4-5. After considering Plaintiff's Motion and affidavit, the Court determines that Plaintiff cannot afford to pay the filing fee in this case and is eligible to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). The Court concludes that Plaintiff's Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) is GRANTED.

## III.   INITIAL SCREENING OF THE COMPLAINT

The determination of whether a party may proceed in forma pauperis does not complete the inquiry. The court is also required to screen cases filed by parties proceeding in forma pauperis. 28 U.S.C. § 1915(e)(2) states that

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal--
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). The standard used to evaluate whether a complaint states a claim is a liberal one, particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even a "liberal interpretation . . . may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Federal Rule of Civil Procedure 8(a) states that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted).

Plaintiff requests "this [C]ourt to set aside a judgment" and "resci[nd] [his] signature on [a] child support agreement." (ECF No. at 1 at 1-2) (emphasis omitted). Plaintiff asserts that he "was not informed that his consent was a requirement for the court to have jurisdiction to proceed and instead he was misinformed that he must sign [the] agreement titled DF261277 or he would be held in default, he may be arrested and his driver[']s license would be suspended . . . ." *Id*. at 2 (emphasis omitted). Plaintiff contends that his "signature was induced by fraud and duress . . . ." *Id*. at 1 (emphasis omitted).

"*Rooker–Feldman* is a powerful doctrine that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments . . . ." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). "[U]nlike *res judicata*, the *Rooker–Feldman* doctrine is not limited to claims that were actually decided by the state courts, but rather it precludes review of all state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Id*. at 901. "Stated plainly, *Rooker–Feldman* bars any suit that seeks to disrupt or undo a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims." *Id*. This court lacks subject

matter jurisdiction to void any of the decisions or judgments entered in the state court action.

Plaintiff has failed to establish that the Court has subject matter jurisdiction because no federal question of law has been presented to create federal question jurisdiction and Plaintiff has failed to make any showing that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  To the extent Plaintiff seeks to bring state law claims against Defendant, the Court cannot exercise supplemental jurisdiction because no federal question of law has been presented.  The Court concludes that Plaintiff's Complaint (ECF No. 1) is DISMISSED without prejudice for failure to state a claim upon which relief can be granted. *See. e.g.*, *Moore v. Leehy*, No. 11cv2279 BTM (WVG), 2011 WL 4635031, at *1-2 (S.D. Cal. Oct. 6, 2011) (same).

**IV.   CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1) is DISMISSED without prejudice for failure to state a claim upon which relief can be granted.  Plaintiff may file a Motion to File an Amended Complaint within sixty (60) says of the date of this Order.  If no motion is filed, the Clerk of the Court shall close this case.

Dated:  July 30, 2020

Hon. William Q. Hayes
United States District Court